UNITED STATES of America, Plaintiff,

v.

The PREMISES AND REAL PROPERTY WITH BUILDINGS, APPURTE-NANCES AND IMPROVEMENTS AT 500 DELAWARE STREET, TONAWAN-DA, NEW YORK, that is, all that Tract or Parcel of Land, Situate in the City of Tonawanda, County of Erie and State of New York, and More Particularly Described in a Certain Deed Recorded in the Erie County Clerk's Office in Liber 9791 of Deeds at Page 211, Defendant.

No. 90–CV–898C.

United States District Court,
W.D. New York.

Dec. 12, 1996.

Patrick H. NeMoyer, United States Attorney (Anne Vangraafeiland, Assistant United States Attorney, of Counsel), Rochester, NY, for Plaintiff.

Brown & Kelly (Philip B. Abramowitz, of Counsel), Buffalo, NY, for Defendant.

## DECISION AND ORDER

CURTIN, District Judge.

## BACKGROUND

This is a civil *in rem* forfeiture action brought by the United States against the premises and real property located at 500 Delaware Street, Tonawanda, New York, pursuant to 21 U.S.C. § 881. The owner of the property and claimant herein, Martin Isenberg, is contesting the forfeiture. The government has moved for summary judgment on the grounds that it has established probable cause for forfeiture since it is undisputed that claimant conducted a marijuana-growing operation on the subject premises. Claimant has filed a cross-motion for summary judgment, in which he argues that the evidence upon which the government relies to establish probable cause must be suppressed because it was obtained in violation of his rights under the Fourth Amendment.

The property at issue is a residence containing several apartments and an attic. The owner of record of the property is Edward Isenberg, Martin Isenberg's father. This court has previously determined, however, that Edward Isenberg is merely a straw owner of the contested property and that Martin Isenberg must be regarded as the owner of the premises for the purposes of this forfeiture proceeding. *United States v. Premises and Real Property with Buildings, Appurtenances and Improvements at 500 Delaware St., Tonawanda, New York,* 868 F.Supp. 513 (W.D.N.Y.1994).

In January 1990, Detective David Bentley of the City of Tonawanda Police Department was contacted by a confidential informant ("CI"), who told Bentley that claimant was conducting a marijuana-growing operation on the subject premises. Item 19, ¶ 2. The CI told Detective Bentley that claimant lived in a second-floor apartment on the premises; that the marijuana growing operation was run from the attic of the same building; that claimant had been growing and cultivating marijuana in the attic for three years; that there was an elaborate set-up of heaters, chemical feeders, and grow lights concealed in the attic behind dry-wall-covered windows; and that claimant had been selling the marijuana grown in the attic for approximately $150.00 per ounce. Item 19, ¶¶ 1–4. Further police investigation confirmed the location of the specific apartment in which claimant resided, as well as the location of the door to the attic and the fact that the windows of the attic appeared to be "be covered over and lights are never observed therein." Item 19, ¶ 4 and Ex. A (Application for Search Warrant, p. 1, ¶ 2).

On January 25, 1990, Detective Bentley made a written application to Judge Richard Kinzly of the Tonawanda City Court for a warrant to search the claimant's apartment and the attic of the subject premises. Item 19, Ex. A (Application for Search Warrant). After holding an *in camera* hearing at which the CI appeared and gave testimony, Judge Kinzly found that probable cause existed and signed the search warrant submitted to him by Detective Bentley (Item 19, ¶ 5). The search warrant signed by Judge Kinzly contained a recitation of probable cause on the first page of the warrant which stated that "the attic of 500 Delaware Street, Tonawanda, Erie County, New York, said property belonging to Martin Isenberg, is used to cultivate marihuana in felony quantities, that said attic is enclosed even at the windows to prevent discovery of said activity." Item 19, ¶ 5 and Ex. A (Search Warrant, p. 1). On the same page, the Search Warrant stated that "marihuana, it's [sic] derivatives, plants and paraphernalia are present at 500 Delaware Street, upper apartment on the south east corner of the house, and in the attic, both owned and controlled by Martin Isenberg." Warrant, p. 1.

In the command clause which appeared on the second page of the warrant, however, the description of the premises to be searched did not mention the attic. Instead, the warrant commanded the police to search "[a] multiple dwelling, located at 500 Delaware Street, Tonawanda, NY 14150 (Erie County) To search the apartment on the second floor, first door on left at top of steps, the apartment of Martin Isenberg and wife; located on the SW corner of Koch & Delaware St." Warrant, p. 2. The command clause further authorized a search of a van owned by claimant and a search of both claimant and his wife. Warrant, p. 2.

The search warrant was executed on January 26, 1990, by Bentley and other officers from the City of Tonawanda Police Department. Item 19, ¶ 6. The officers began the search in claimant's apartment but apparently found no evidence of drugs or drug-related activities within the apartment. During the search, officers sought to enter the attic of the premises to continue their search. Claimant blocked the doorway to the attic, which was double-locked, and refused to allow the officers to enter. The officers forcibly took the keys to the attic from claimant and entered the attic. The attic contained 27 marijuana plants, weighing a total of approximately 5.2 pounds, as well as marijuana-growing equipment including heaters, grow lights, chemical feeding equipment, control panels, drying trays, and fertilizer. Item 19, ¶ 6. While the officers were searching the attic, claimant allegedly told Bentley that "[m]y wife has no part in this. I was growing the pot, and she never touched it." Item 19, ¶ 8. Following the search, claimant was arrested and charged with criminal possession of marijuana, cultivating marijuana without a license, and obstructing governmental administration. Item 19, ¶ 9.

An Erie County Grand Jury indicted claimant on July 6, 1990, on charges of criminal possession of marijuana in the second degree, in violation of New York Penal Law § 221.25, and growing marijuana plants without a license in violation of New York Public Health Law § 3382. Item 19, ¶ 10 and Ex. D (Indictment). A motion to suppress the evidence obtained in the search of the premises made by claimant was denied, and he subsequently pled guilty to both charges. On December 30, 1992, the New York State Supreme Court Appellate Division, Fourth Department, unanimously overturned his conviction on the grounds that there was not "substantial compliance" with New York Criminal Procedure Law § 690.40(1) [1]. *People v. Isenberg,* 188 A.D.2d 1042, 592 N.Y.S.2d 1006 (4th Dept.1992).

---

1. New York Criminal Procedure Law § 690.40(1) provides that "[i]n determining an application for a search warrant the court may examine, under oath, any person whom it believes may possess pertinent information. Any such examination must be either recorded or summarized by the court." Although Judge Kinzly had the CI sign a written statement, the Fourth Department found that "[t]he sketchy details provided in the handwritten statement signed by the confidential informant did not constitute a summary of the informant's examination by the issuing magistrate 'recorded or summarized on the record by the court.'" *People v. Isenberg,* 188 A.D.2d 1042, 592 N.Y.S.2d 1006.

The instant action was commenced by the United States on August 27, 1990. Following this court's ruling that claimant was the owner of the premises for purposes of this forfeiture action, claimant filed a claim and answer as owner of the premises. Items 41, 51. Presently before the court are the government's motion, and claimant's cross-motion, for summary judgment. Items 53–55, 58–62. At issue is whether the government has introduced sufficient lawfully-obtained evidence to meet its burden of demonstrating probable cause for forfeiture.

## DISCUSSION

■ Under 21 U.S.C. § 881(a), property subject to forfeiture in the United States includes:

[a]ll real property, including any right, title, and interest ... in the whole of any lot or tract of land ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment....

21 U.S.C. § 881(a)(7) (1988). In a forfeiture action, the government bears the initial burden of establishing that there is probable cause to believe the property is subject to forfeiture. 21 U.S.C. § 881(a)(7) (1988). In a forfeiture action, the government bears the initial burden of establishing that there is probable cause to believe the property is subject to forfeiture. *United States v. Two Parcels of Property Located at 19 and 25 Castle Street,* 31 F.3d 35, 39 (2d Cir.1994). Once the government has met this burden, the burden of proof then shifts to the claimant opposing forfeiture, who must demonstrate "by a preponderance of the evidence that either (1) the property was not used for an illegal purpose; or (2) the illegal use of the property was without his knowledge or consent." *Id.*

■ In order to establish probable cause, the government must have " 'reasonable grounds, rising above the level of mere suspicion, to believe that [the] property is subject to forfeiture.' " *Id.* at 39 (quoting *United States v. Banco Cafetero Panama,* 797 F.2d 1154, 1160 (2d Cir.1986)). Where the property is alleged to be subject to forfeiture because of the use of the property for drug activity, or for the facilitation thereof, the government must connect the property with the drug activity to establish probable cause. However, "[t]here need not be a substantial connection between the drug activity and the property in question, but only a nexus between them." *United States v. 785 St. Nicholas Ave.,* 983 F.2d 396, 403 (2d Cir.1993).

■ In establishing the required nexus between drug activity and the subject property, the government may not rely upon evidence which has been obtained in violation of a claimant's rights under the Fourth Amendment. *United States v. Lasanta,* 978 F.2d 1300, 1305 (2d Cir.1992) (citing *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696, 85 S.Ct. 1246, 1248, 14 L.Ed.2d 170 (1965); *Boyd v. United States,* 116 U.S. 616, 622, 6 S.Ct. 524, 527–28, 29 L.Ed. 746 (1886)). The central issue in this case is whether the government has introduced sufficient lawfully obtained evidence to establish probable cause for forfeiture of the subject premises.

It is clear from the facts of this case that, if the evidence obtained in the search of the attic of the subject premises was lawfully obtained, the government has established probable cause for the forfeiture.

■ Initially, this court notes that the state court decision suppressing the evidence obtained in the search of the subject premises is not binding upon a federal court. *United States v. Ponce,* 947 F.2d 646, 650 (2d Cir.1991), *cert. denied,* 503 U.S. 943, 112 S.Ct. 1492, 117 L.Ed.2d 633 (1992). In this case, the warrant was invalidated by the state court not for a lack of probable cause, but instead for non-compliance with a technical requirement of state criminal procedure law. *People v. Isenberg,* 188 A.D.2d 1042, 592 N.Y.S.2d 1006 (1992). The relevant question in a federal forfeiture proceeding, however, is whether the evidence which the government seeks to rely upon was obtained in a manner consistent with the Fourth Amendment. *United States v. Lasanta,* 978 F.2d at 1305.

■ In the present case, the claimant contends that the search of the attic of the subject premises violated his rights under the Fourth Amendment because the command clause of the warrant did not include the attic within the description of the place to be searched.

■ The Fourth Amendment's particularity requirement exists to protect the rights of individuals by preventing general exploratory searches. *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 1016, 94 L.Ed.2d 72 (1987). As the Supreme Court stated in *Garrison:*

> By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. Thus, the scope of a lawful search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found...."

*Id.* (quoting *United States v. Ross*, 456 U.S. 798, 824, 102 S.Ct. 2157, 2172–73, 72 L.Ed.2d 572 (1982)).

In the present case, the search warrant signed by Judge Kinzly includes a clear recitation of probable cause to believe that a marijuana-growing operation was being conducted, and that marijuana and marijuana-related derivatives and paraphernalia would be found, in the attic of the subject premises. Warrant, p. 1. Claimant, in fact, does not challenge the underlying finding of probable cause to search the attic, but instead challenges the validity of the warrant solely on the omission of the attic from the description of the place to be searched in the command clause of the warrant.

With respect to such challenges, the Second Circuit recently stated that:

> Courts of Appeals have rejected Fourth Amendment challenges to warrants that contain partial misdescriptions of the place to be searched so long as the officer executing the warrant could "ascertain and identify the target of the search *with no reasonable probability of searching another premises in error,*".... Warrants have been upheld despite "technical errors," such as an incorrect street address, when the possibility of actual error is eliminated by other information, whether it be a detailed physical description in the warrant itself, supplemental information from an appended affidavit, or knowledge of the executing agent derived from personal surveillance of the location to be searched.

*Velardi v. Walsh*, 40 F.3d 569, 576 (2nd Cir.1994) (citations omitted, emphasis in original). With respect to the place to be searched, "[i]t is enough if the description is such that the officer[s] armed with a search warrant can with reasonable effort ascertain and identify the place intended." *National City Trading Corp. v. United States*, 635 F.2d 1020, 1024 (2d Cir.1980) (quoting *Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925)).

■ An officer armed with the search warrant at issue in this case could, with reasonable effort, ascertain that the attic was a place intended to be searched. The recitation of probable cause on the first page of the warrant specifically states that marijuana and marijuana-growing equipment are believed to be in the attic of the subject premises. Warrant, p. 1. The search warrant specifically states that "the attic of 500 Delaware Street ... is used to cultivate marihuana in felony quantities." Warrant, p. 1. Although the command clause of the warrant fails to include the attic, the description of the items to be seized includes marijuana plants and paraphernalia to package, administer, or grow marijuana. Warrant, p. 2. An officer armed with the warrant in this case needed only to read the warrant in its entirety to determine that the attic was a place intended to be searched.

Moreover, the officer armed with the warrant in this case also had knowledge derived from personal surveillance of the location to be searched which eliminated the possibility of actual error. *United States v. Bonner*, 808 F.2d 864, 866–67 (1st Cir.1986) (upholding search on grounds that knowledge of officers from surveillance cured technical omission in the search warrant at issue).

Detective Bentley, who personally executed the search warrant, had conducted surveillance of the subject premises prior to the search and confirmed the location of the attic as well as the fact that the windows of the attic appeared to be enclosed with drywall as stated by the CI. Item 19, Ex. A (Application for Search Warrant, pp. 1–2). In addition to the knowledge possessed by Detective Bentley, the possibility of actual error was further eliminated by the detailed recitation of probable cause appearing on the first page of the search warrant described above. This information was readily available to the officers without having to refer to the affidavit submitted in support of the warrant application, contrary to the suggestion of the claimant herein. *Cf. United States v. Gahagan,* 865 F.2d 1490, 1496–99 (6th Cir.1989) (reference to affidavit accompanying warrant relied upon by officers executing search warrant).

Taken together, the evidence in this case convinces this court that the omission of the attic from the command clause of the search warrant was no more than a technical error which was cured by the detailed information supplied by the rest of the search warrant as well as the personal knowledge of Detective Bentley as the officer who executed the warrant. *Velardi,* 40 F.3d at 576. The search conducted pursuant to the warrant was therefore valid, and the evidence seized therein was lawfully obtained. *National City Trading Corp.,* 635 F.2d at 1024.

Having found that the evidence seized in the search of the subject premises was lawfully obtained by the government, this court finds that this evidence establishes probable cause for forfeiture of the subject premises. *United States v. 785 St. Nicholas Ave.,* 983 F.2d 396 (2d Cir.1993). The burden of proof, therefore, shifted to the claimant to demonstrate that the property was not used for an illegal purpose or that the claimant had no knowledge of the illegal use of the property. *United States v. Two Parcels of Property Located at 19 and 25 Castle Street,* 31 F.3d 35 (2d Cir.1994). Claimant has failed to offer any proof on either of these issues.

Since this court finds that the evidence obtained in the search of the attic was lawful-

ly obtained, it is unnecessary to consider whether the government would be able to establish probable cause without this evidence.

## CONCLUSION

For the foregoing reasons, the government's motion for summary judgment is granted. Claimant is therefore ordered to forfeit the real property located at 500 Delaware Street, Tonawanda, New York, to the United States.

The court will meet with counsel on December 23, 1996, at 3 p.m. to determine whether any further proceedings are necessary in this case.

So ordered.