**UNITED STATES of America, Plaintiff–Appellee,**

v.

**THE PREMISES AND REAL PROPERTY WITH BUILDINGS, APPURTENANCE AND IMPROVEMENTS AT 500 DELAWARE STREET, TONAWANDA, NEW YORK. That is, all that tract or parcel of Land, Situate in the City of**

---

**2.** The district court described the case as "at best a breach of contract case." Certainly it was not that.

Tonawanda, County of Erie and State of New York, and more particularly described in a certain deed recorded in the Erie County Clerk's Office in Liber 9791 of deed at page 211. Defendant–Appellant,

Edward Isenberg and Martin Isenberg, Claimants–Appellants.

No. 1743, Docket 97–6006.

United States Court of Appeals, Second Circuit.

Argued March 25, 1997.

Decided April 29, 1997.

Philip B. Abramowitz, Buffalo, NY (Brown & Kelly, LLP, of counsel), for Appellants.

Anne Van Graafeiland, Assistant U.S. Attorney, Rochester, NY (Patrick H. NeMoyer, U.S. Attorney, Western District of New York, of counsel), for Appellee.

Before: NEWMAN, Chief Judge, MINER and GODBOLD [1], Circuit Judges.

GODBOLD, Circuit Judge:

This is a civil *in rem* forfeiture action brought by the United States against premises and real property located at 500 Delaware Street, Tonawanda, New York, pursuant to 21 U.S.C. § 881. The district court granted summary judgment for the United States and ordered that the property be forfeited subject to a mortgage held by innocent mortgagees.

The premises were occupied by Martin Isenberg. The current owner of record is his father Edward Isenberg. Both are claimants. In a search pursuant to a search warrant officers found marijuana growing in the attic of the premises. Martin, the occupant of an apartment located on the second floor of the premises, was arrested and charged with New York State offenses of criminal possession of marijuana and grow-

1. Of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

ing marijuana without a license.[2] Thereafter Martin executed a deed purporting to transfer the premises to his father for $1.00. Edward acknowledges that the transfer was done to try to avoid a forfeiture.

Subsequently the United States filed this action and Edward filed an answer and notice of claim. The district court granted the government's motion for summary judgment, holding that Edward was only a straw owner and thus lacked standing to contest the forfeiture. *United States v. 500 Delaware Street,* 868 F.Supp. 513 (W.D.N.Y.1994)("*500 Delaware Street I*"). The court did not, however, enter a final judgment of forfeiture but rather allowed Martin to file a claim. Martin did so and raised the sole affirmative defense that the search of the premises was illegal. In a second order the district court held the search was valid, and it entered a final judgment of forfeiture. *United States v. 500 Delaware Street,* 949 F.Supp. 166 (W.D.N.Y.1996)("*500 Delaware Street II*"). Both father and son have appealed from the final judgment. A motion for a stay pending appeal was denied by the district court. A motion then was made before this Court for a stay and for an expedited appeal. We granted the expedited appeal and denied the stay upon the assurance by the United States that the property would not be sold prior to the resolution of this appeal.

■ It is abundantly clear that the district court did not err in holding that the father was a mere straw owner and lacked standing to assert a claim as innocent owner. Edward and his wife had given the property to Martin. After Martin was arrested he purported to transfer it back to the father for $1.00, for the purpose of avoiding forfeiture. The deed changed nothing other than the appearance of legal title. Martin continued in possession and management of the property. He received all rental payments and was responsible for leasing when vacancies occurred. He made mortgage, property tax, and insurance payments, paid utility bills, and maintained the property and made repairs.

Edward also asserts that he has standing because he was obligated to continue to make payments on the mortgage, which was held by innocent holders and never assumed by Martin. The district court rejected this contention on the ground that Edward had not explained or cited authority indicating that this alleged relationship established a continuing ownership interest in the property. *500 Delaware Street I,* 868 F.Supp. at 519. Even if his alleged obligation to make mortgage payments gave tenuous standing to Edward, it is dissipated by the government's specific assurance, given to this court at oral argument, that the mortgage holders will be paid out of the proceeds of the property when sold and that under no circumstances will Edward be required to make any payments on the mortgage debt.

Edward also theorizes that the original transfer of ownership to Martin by him and his wife gave rise to a constructive trust that gave him standing to bring an innocent owner defense. This theory rests upon Edward's assertion that the property was given to Martin upon his oral undertaking to manage the property responsibly and, if he did not do so, to return it to his father. The district court rejected this effort, pointing out that it was directly contradicted by Edward's deposition testimony and is unsupported by any other evidence. This was not error.

■ Martin claims that the forfeiture could not be granted because the discovery of marijuana on which the forfeiture was based was the fruit of an illegal search.[3] The district court allowed Martin to file an un-

**2.** Martin pleaded guilty but on appeal his conviction was reversed, not because of lack of probable cause but because the state judge failed to comply with technical requirements of New York law to record or summarize in detail *in camera* testimony of the confidential informant. *People v. Isenberg,* 188 A.D.2d 1042, 592 N.Y.S.2d 1006 (1992).

**3.** The Fourth Amendment's exclusionary rule applies to forfeiture cases. *See One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). There the Court remanded for an examination of whether probable cause existed to search a car forfeited for transporting liquor in violation of law. The Court implied that if illegal use of the car could only be shown using evidence resulting from an illegal search, forfeiture would be improper. *See id.* at 699, 85 S.Ct. at 1250. Therefore Martin has standing to raise the legality of the search.

timely claim because it found that the purported transfer to the father was not an actual transfer of ownership, so that title remained in the son who, the court felt, should have the opportunity to make his claim as the property's real owner. The government contends that the court erred in permitting Martin to file his claim years beyond the 10–day claim period, a delay occasioned by Martin's awaiting the outcome of his father's challenge. Though we doubt that the delay was properly excused, even if we assume that Martin's claim was properly before the court, the court did not err in holding that the marijuana was found pursuant to a valid search. The application for a warrant sought authority to search "[t]he apartment of Martin D. Isenberg and of the attic of same located at 500 Delaware Street, upper left apartment and attic, occupied by Martin D. Isenberg and his wife, name unknown." The supporting affidavit recited that Martin was, and for three years had been, growing marijuana in the attic, utilizing lighting, heaters and chemical feeding, with the windows closed off to conceal the lighting. The warrant recited the state judge's finding that there was probable cause to believe that marijuana was growing in the attic and in a described apartment, both owned and controlled by Martin. The command portion of the warrant commanded a search of premises described as:

> A multiple dwelling, located at 500 Delaware Street, Tonawanda, N.Y. 14150 (Erie County) ... the apartment on the second floor, first door on left at top of steps, the apartment of Martin Isenberg and wife....

The officers executing the warrant found no marijuana in Martin's apartment. The entrance door to the attic was not within the apartment but in a hallway in common use by occupants of Martin's apartment and of a rental apartment. The entry door to the attic was securely locked, Martin strongly opposed the police's entering, and the keys had to be taken from him forcibly.

The district court did not err in holding that the search was valid because an officer armed with this search warrant would reasonably ascertain that the attic was included in the area intended to be searched. *See Velardi v. Walsh,* 40 F.3d 569, 576 (2d Cir. 1994); *National City Trading Corp. v. United States,* 635 F.2d 1020, 1024 (2d Cir.1980). The recitals of probable cause referred to the attic and thereby entitled the officers to read the command to search "A multiple dwelling, located at 500 Delaware Street" to include the attic.

AFFIRMED.