STATE OF MINNESOTA

IN SUPREME COURT

A13-0445

Court of Appeals                                                                                          Dietzen, J.


Daniel Garcia-Mendoza,

                    Appellant,

vs.                                                                                          Filed:  August 20, 2014
                                                                                          Office of Appellate Courts
2003 Chevy Tahoe,
Vin #1GNEC13V23R143453,
Plate #235JBM, et al.,

                    Respondents.

_____

Kirk M. Anderson, Anderson Law Firm, PLLC, Minneapolis, Minnesota, for appellant.

Michael O. Freeman, Hennepin County Attorney, Beverly J. Wolfe, Julie K. Bowman, Assistant Hennepin County Attorneys, Minneapolis, Minnesota, for respondents.

Teresa Nelson, Saint Paul, Minnesota; and

Peter M. Routhier, Bruce Jones, Faegre Baker Daniels LLP, Minneapolis, Minnesota, for amicus curiae American Civil Liberties Union of Minnesota.

Katelynn McBride, Anthony B. Sanders, Lee U. McGrath, Minneapolis, Minnesota, for amicus curiae Institute for Justice.

Scott A. Hersey, Saint Paul, Minnesota, for amicus curiae Minnesota County Attorneys Association.

Max A. Keller, Keller Law Offices, Minneapolis, Minnesota, for amicus curiae Minnesota Society for Criminal Justice.

_____

1

1.      Appellant has standing as an aggrieved party to challenge the civil forfeiture under Minn. Stat. §§ 609.531-.5319 (2012) because he has a colorable interest in the seized property.

2.      The Fourth Amendment exclusionary rule adopted by the United States Supreme Court to deter future Fourth Amendment violations is applicable to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319.

Reversed and remanded.

O P I N I O N

DIETZEN, Justice.

This case presents the issue of whether the exclusionary rule adopted by the United States Supreme Court to deter future Fourth Amendment violations is applicable to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319 (2012). Appellant Daniel Garcia-Mendoza was stopped by police officers on suspicion that he did not have a valid driver's license, and was issued a traffic citation. During an inventory search of respondent 2003 Chevy Tahoe, 225 grams of methamphetamine were discovered. Appellant was charged with first-degree possession of a controlled substance, and respondents Tahoe and $611 in cash were seized. Appellant, who was served with notice of seizure and intent to forfeit the seized property, filed a civil complaint demanding a judicial determination of forfeiture. The district court granted the County's motion for summary judgment. The court of appeals affirmed, concluding that the Fourth

Amendment exclusionary rule does not apply to civil forfeiture actions. Because we conclude that the exclusionary rule applies to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319, we reverse and remand to the court of appeals.

On March 19, 2012, a Plymouth police officer and his partner observed appellant in respondent 2003 Chevy Tahoe driving 62-63 miles per hour in a 60 mile-per-hour zone on Interstate 94. The officer conducted a registration check on the vehicle and discovered that the vehicle was registered to Ricardo Cervantes-Perez,[1] but also determined there was no driver's license information associated with the registered vehicle. Based upon his experience, the officer concluded that it was likely the driver of the vehicle did not have a valid driver's license. Consequently, the officer stopped the Tahoe and asked appellant for his driver's license. Appellant gave him a Mexican ID card that identified him as Ricardo Cervantes-Perez and admitted he did not have a Minnesota driver's license. The other officer spoke with the passenger and learned that the passenger did not have a driver's license.

Appellant was issued a citation for driving without a Minnesota driver's license. The officer decided to have the vehicle towed because neither occupant could lawfully drive the vehicle, and the location of the vehicle created a potential traffic hazard. The other officer conducted an inventory search of the vehicle and found a crystal-like substance inside a container that he recognized as methamphetamine. The substance later tested positive as 225.9 grams of methamphetamine. Appellant and his passenger were

---

[1]	Ricardo Cervantes-Perez is an alias of appellant.

3

arrested and searched, and the officers found $611 in cash on appellant. The Tahoe and cash were seized, and appellant was later served with notice and intent to forfeit the seized property. The State charged appellant with first-degree possession of a controlled substance in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2012). Appellant subsequently filed a civil forfeiture complaint in state district court demanding a judicial determination of the forfeiture of the Tahoe and the $611 pursuant to Minn. Stat. § 609.5314, subd. 3. The complaint was stayed pending resolution of appellant's criminal charges.

In May 2012, appellant was indicted in federal court on three counts alleging that appellant distributed methamphetamine on three different occasions from November 2, 2011, to February 1, 2012; and a fourth count alleging that appellant possessed with the intent to distribute methamphetamine on March 19, 2012. The fourth count arose out of the incident that resulted in appellant's arrest and the seizure of the property that is the subject of this appeal.[2] Appellant moved to suppress the evidence seized on March 19 on the ground that the stop and search of his vehicle violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *United States v. Cervantes-Perez*, No. 12cr133, 2012 WL 3288674, at *4 (D. Minn. July 23, 2012). The magistrate judge denied the motion, *id.*, and the district court adopted the magistrate judge's report and recommendation, *United States v. Cervantes-Perez*, No. 12-133, 2012 WL 3288946, at *1 (D. Minn. Aug. 10, 2012). Appellant subsequently pleaded guilty to and was

---

[2]    As a result of the federal indictment, the State dismissed its criminal complaint against appellant.

4

convicted of count two of the federal indictment, which involved the distribution of controlled substances on December 22, 2011. The other three counts were dismissed. As part of the plea agreement, appellant agreed to:

> [F]orfeit any and all property constituting, or derived from, any proceeds [he] obtained, directly or indirectly, as the result of [his] violation, as well as any and all of [his] property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of [his] violation.

The County subsequently moved for summary judgment in the state forfeiture action. Appellant countered that the Fourth Amendment exclusionary rule applies to civil forfeiture actions, and that the evidence supporting forfeiture was illegally obtained and must be suppressed. The district court rejected appellant's argument and granted the motion, reasoning that appellant agreed in the plea agreement to forfeit the property and that 21 U.S.C. § 853(a) (2012) (authorizing criminal forfeiture "to the United States"), required forfeiture of the vehicle and cash. The court observed in dictum that if the legality of the stop and seizure was an issue, the court would have suppressed the evidence obtained on the ground that "there was neither a reasonable or articulable suspicion for the [March 19] stop, nor a legitimate basis for the expansion of it."

The court of appeals affirmed the district court's grant of summary judgment to the County, but on different grounds. *Garcia-Mendoza v. 2003 Chevy Tahoe*, No. A13-0445, 2013 WL 6152304, at *4 (Minn. App. Nov. 25, 2013). Prior to oral argument, the court of appeals struck the federal court orders denying appellant's motion to suppress on the ground that the state district court had concluded the stop and search of appellant's vehicle was unconstitutional, and the County had failed to file a notice of related appeal

5

to preserve that issue on appeal. *Garcia-Mendoza v. 2003 Chevy Tahoe*, No. A13-0445, Order at 3 (Minn. App. filed Oct. 1, 2013). But the court denied appellant's motion to strike a collateral estoppel argument asserted by the County, concluding that the issue was properly before it. *Id.* at 3-4. Ultimately, the court rejected appellant's argument that the Fourth Amendment exclusionary rule was applicable to civil forfeiture actions and affirmed summary judgment in favor of the County. *Garcia-Mendoza*, 2013 WL 6152304, at *4. The court reasoned that the property was presumed to be forfeited under Minn. Stat. § 609.5314, subd. 1(a)(1)(i), and that appellant failed to rebut the presumption. *Id.* at *3-5.

We granted review on the issue of whether the Fourth Amendment exclusionary rule applies to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319.[3]

## I.

Initially, the County argues that appellant lacks standing to challenge the forfeiture because he forfeited all of his right, title, and interest in the property when he pleaded guilty and was convicted of count two of the federal indictment. Appellant counters that, regardless of his guilty plea, it is undisputed that he was the registered owner of the Tahoe and was in possession of the vehicle and cash at the time of the seizure.

---

[3] The County opposed review and requested conditional cross-review, arguing the court of appeals erred in (1) failing to take judicial notice of the federal district court's order that the March 19 stop and search was lawful; and (2) failing to conclude that appellant is collaterally estopped from relitigating the legality of the March 19 stop and search. We denied the County's petition for conditional cross-review.

6

Standing is a jurisdictional issue that may be raised at any time. *Marine Credit Union v. Detlefson-Delano*, 830 N.W.2d 859, 864 n.3 (Minn. 2013). The lack of standing bars consideration of a claim by the court. *In re Custody of D.T.R.*, 796 N.W.2d 509, 512 (Minn. 2011). The standing doctrine requires that a party have a sufficient stake in a justiciable controversy to seek relief from a court. *Sierra Club v. Morton*, 405 U.S. 727, 731-32 (1972); *see also McCaughtry v. City of Red Wing*, 808 N.W.2d 331, 338 (Minn. 2011); *In re D.T.R.*, 796 N.W.2d at 512. Whether a party has standing is a question of law that we review de novo. *In re D.T.R.*, 796 N.W.2d at 512; *State v. McBride*, 666 N.W.2d 351, 360 (Minn. 2003). Because this case is here on a grant of a summary judgment motion, appellant must show that there is a genuine issue of material fact as to his standing in order to prevail. *See Leamington Co. v. Nonprofits' Ins. Ass'n*, 615 N.W.2d 349, 354 (Minn. 2000) (concluding that issues of material fact as to plaintiff's standing precluded summary judgment).

A party may acquire standing either by statute or as an aggrieved party who has suffered some injury-in-fact. *Marine Credit Union*, 830 N.W.2d at 864 n.3; *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 624 (Minn. 2007). To demonstrate an injury-in-fact, the plaintiff must show "a concrete and particularized invasion of a legally protected interest." *In re D.T.R.*, 796 N.W.2d at 512-13 (citation omitted) (internal quotation marks omitted). Moreover, the injury must be fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S. Ct. 1377, 1386 (2014). We may examine standing at various stages of the proceeding to determine if a party has standing.

7

*In re D.T.R.*, 796 N.W.2d at 512. Appellant argues that he was an aggrieved party at the time of seizure, and therefore has standing.

It is undisputed that appellant was the registered owner of the Tahoe and was in possession of the vehicle and the cash at the time of the March 19 stop. Generally, these facts are sufficient to create a colorable claim to the seized property. *See United States v. $304,980 in U.S. Currency*, 732 F.3d 812, 818 (7th Cir. 2013) (concluding that the fact that the money was found in the claimant's possession was sufficient to give him a colorable claim to the property and established his standing to contest forfeiture); *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 78 (2d Cir. 2002) ("[A]n allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture." (citation omitted) (internal quotation marks omitted)).

The County relies on 21 U.S.C. § 853(c) to argue that appellant lost title to the vehicle and cash by pleading guilty to a drug trafficking charge in federal court. The federal statute provides in relevant part:

> All right, title, and interest in property [subject to forfeiture under] this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(c). This portion of the federal forfeiture statute is referred to as the "relation-back provision" because it provides that the government's interest in the

property relates back to the date of the criminal offense. *See, e.g.*, *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 627-28 (1989); *United States v. Holy Land Found. for Relief and Dev.*, 722 F.3d 677, 686 n.5 (5th Cir. 2013).

We have not previously had the opportunity to consider whether the relation-back provision of 21 U.S.C. § 853(c) operates to divest an owner of any claim to forfeitable property on the date of the criminal offense. The courts that have considered the issue have concluded that the relation-back provision does not automatically divest an owner of any claim to forfeitable property as of the date of the criminal offense and therefore does not deprive an owner of standing to later challenge the forfeiture. *See United States v. 500 Delaware St.*, 868 F. Supp. 513, 518 n.2 (W.D.N.Y. 1994), *aff'd*, 113 F.3d 310 (2d Cir. 1997). Instead, those courts have concluded that title vests in the United States "at the time of the *court-ordered forfeiture* and then relates back to the [criminal] act." *United States v. Bailey*, 419 F.3d 1208, 1213 (11th Cir. 2005) (emphasis added); *see also United States v. 92 Buena Vista Ave.*, 507 U.S. 111, 131-32 (1993) (Scalia, J., concurring) (stating that the relation-back provision "operates only upon entry of the judicial order of forfeiture or condemnation"); *Counihan v. Allstate Ins. Co.*, 25 F.3d 109, 112 (2d Cir. 1994) (interpreting an identical relation-back provision in the civil forfeiture statute and concluding that "the statutory provision cannot serve to transfer ownership of the property until there is a final judgment of forfeiture"). Put differently, the relation-back provision of 21 U.S.C. § 853(c) is not triggered until there is a court-ordered forfeiture of the property, and only after such an order does the statute operate to

9

establish the government's interest in the property retroactively to the date of the criminal act.

We conclude that a party is aggrieved and can challenge a civil forfeiture under Minn. Stat. §§ 609.531-.5319 when the party has a colorable interest in the seized property. It is undisputed that when the police seized the vehicle and cash, appellant was not only the registered owner of the vehicle, but also had physical possession of the vehicle and cash. Based upon these undisputed facts, appellant has established that he has a colorable interest in the seized property sufficient to establish standing to challenge civil forfeiture. The United States government has a potential interest in the property pursuant to appellant's plea agreement. But that interest does not become effective for purposes of 21 U.S.C. § 853(c) until the federal court issues a forfeiture order. Here, there is nothing in the record indicating that the federal court issued a forfeiture order vesting retroactive title to the seized property in the United States government.[4] Consequently, appellant has standing to challenge the County's forfeiture of the vehicle and cash.

II.

Appellant and several amici[5] rely upon *One 1958 Plymouth Sedan v. Pennsylvania (Plymouth Sedan)*, 380 U.S. 693 (1965), to argue that the Fourth Amendment

---

[4] The parties agreed at oral argument that no federal court forfeiture order has been issued.

[5] These amici include American Civil Liberties Union of Minnesota, Institute for Justice, and Minnesota Society for Criminal Justice.

exclusionary rule should apply to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319. The County and amicus Minnesota County Attorneys Association respond that *Plymouth Sedan* is not controlling because subsequent decisions of the United States Supreme Court have implicitly overruled it.

Whether the Fourth Amendment exclusionary rule applies to civil forfeiture actions is a legal question that we review de novo. *See McCaughtry v. City of Red Wing*, 831 N.W.2d 518, 521 (Minn. 2013). To resolve this issue, we will first provide an overview of the controlled-substance forfeiture statutes and then examine the applicability of the Fourth Amendment exclusionary rule to this civil forfeiture action.

When property has been used to facilitate drug trafficking or the property represents proceeds from such trafficking, that property is subject to forfeiture. Minn. Stat. § 609.5311, subds. 2(a), 4(b).[6] A civil forfeiture action under Minn. Stat. §§ 609.531-5319 is an in rem action, generally independent of any criminal prosecution. Minn. Stat. § 609.531, subd. 6a(a). When property used to facilitate drug trafficking or representing proceeds from drug trafficking is seized, a person claiming an interest in the property may file a demand for a judicial determination of the forfeiture. Minn. Stat. § 609.5314, subd. 3(a)-(b). The prosecuting agency seeking to forfeit property benefits from an evidentiary presumption that money "found in proximity" to controlled

---

[6]    Minnesota's civil forfeiture statutes were significantly revised during the pendency of this appeal. Act of May 6, 2014, ch. 201, 2014 Minn. Sess. Law Serv. 378, 378-80 (West) (to be codified at Minn. Stat. §§ 609.531, subd. 6a, 609.5314, subd. 3, 609.5316, subd. 3, 609.5318, subd. 1 (2014)). Because these amendments do not take effect until August 1, 2014, they are not applicable to this proceeding. *Id.*

substances and motor vehicles containing felony-level amounts of controlled substances are subject to forfeiture. Minn. Stat. § 609.5314, subd. 1(a)(1)(i), subd. 2. A claimant of the money or vehicle bears the burden to rebut this presumption by producing sufficient evidence that (1) he or she owns the property; and (2) the property is not connected to drug trafficking. *Jacobson v. $55,900 in U.S. Currency*, 728 N.W.2d 510, 522 (Minn. 2007); *see also* Minn. Stat. § 609.531, subd. 6a(c).

The Fourth Amendment to the United States Constitution and Article I, Section 10, of the Minnesota Constitution protect the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" by the government. When evidence is seized in violation of the Fourth Amendment, the United States Supreme Court has determined that the evidence is generally subject to suppression in order to deter future Fourth Amendment violations. *See Davis v. United States*, __ U.S. __, 131 S. Ct. 2419, 2426 (2011). Thus, the Court has established an exclusionary rule that, when applicable, forbids the use at trial of evidence obtained in violation of the Fourth Amendment. *Herring v. United States*, 555 U.S. 135, 139 (2009). We have likewise concluded that evidence obtained in violation of Article I, Section 10, of the Minnesota Constitution must be suppressed under the exclusionary rule. *State v. Askerooth*, 681 N.W.2d 353, 370 (Minn. 2004).

In *Plymouth Sedan*, the United States Supreme Court considered whether the Fourth Amendment exclusionary rule applies to civil forfeiture actions. 380 U.S. at 696. Law enforcement officers had stopped a car because it was "low in the rear"; during a subsequent search of the vehicle, they discovered 31 cases of liquor without Pennsylvania

tax seals. *Id.* at 694. The owner of the car was arrested and charged with illegal possession of alcohol, and the Commonwealth brought a petition for forfeiture of the automobile.[7] *Id.* The trial court granted the owner's motion to suppress, but the state appellate court reversed, concluding that the exclusionary rule does not apply to civil forfeiture actions. *Id.* at 695. The Supreme Court held that the Fourth Amendment exclusionary rule is applicable to civil forfeiture actions. *Id.* at 702. The Court determined that "a forfeiture proceeding is quasi-criminal in character" and "[i]ts object, like a criminal proceeding, is to penalize for the commission of an offense against the law." *Id.* at 700. The Court reasoned that it would be anomalous to apply the exclusionary rule in the criminal case against the owner of the car, but then not apply it in the civil forfeiture case based on the same facts. *Id.* at 701.

We have previously acknowledged that the United States Supreme Court is the "final arbiter of the meaning *and* application of the United States Constitution." *State v. Brist*, 812 N.W.2d 51, 54 (Minn. 2012) (citation omitted) (internal quotation marks omitted). Consequently, we have recognized that when we consider matters arising under the United States Constitution, we are obligated to apply Supreme Court decisions if they are on point and good law. *Id.*

---

[7]     The Pennsylvania forfeiture statute provided in pertinent part: "No property rights shall exist in any . . . vehicle . . . used in the illegal manufacture or illegal transportation of liquor . . . and the same shall be deemed contraband and proceedings for its forfeiture to the Commonwealth may . . . be instituted." *Plymouth Sedan*, 380 U.S. at 694 n.2 (citation omitted).

*Plymouth Sedan* is on point and is good law. The question of whether the Fourth Amendment exclusionary rule applies to civil forfeiture actions is the same question that confronted the Supreme Court in *Plymouth Sedan*. And the relevant facts and the forfeiture statutes at issue in *Plymouth Sedan* and this case are similar. As recently as 1993, the Supreme Court cited the case as authority for the proposition that the exclusionary rule applies to civil forfeiture actions. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 49 (1993) (stating that the "Fourth Amendment does place restrictions on seizures conducted for purposes of civil forfeiture," and summarizing *Plymouth Sedan* as holding that "the exclusionary rule applies to civil forfeiture").

The County argues that we should not apply *Plymouth Sedan* because the Supreme Court has limited the application of the exclusionary rule to cases in which exclusion of the evidence has a significant deterrent benefit. It is true that the Fourth Amendment exclusionary rule has evolved since *Plymouth Sedan* was decided in 1965. *Compare Mapp v. Ohio*, 367 U.S. 643, 655 (1961) (stating broadly that "all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court"), *with Hudson v. Michigan*, 547 U.S. 586, 591 (2006) (stating that the exclusionary rule is only applicable "where its deterrence benefits outweigh its substantial social costs" (citation omitted) (internal quotation marks omitted)). The current trend toward a more limited application of the exclusionary rule, however, does not mean that the Court has abandoned its decision in *Plymouth Sedan*. *Cf. Brist*, 812 N.W.2d at 57 ("Casting doubt on an opinion's *reasoning*, however, is not

14

the same as overruling the *holding* of a prior decision."). Indeed, the Supreme Court has not expressly overruled, modified, or clarified *Plymouth Sedan*.

Further, the County argues the Supreme Court implicitly overruled *Plymouth Sedan* in *United States v. Ursery*, 518 U.S. 267 (1996). The County's argument is without merit.[8] In *Ursery*, the Supreme Court concluded that federal civil in rem forfeitures are not "punishment" for purposes of the Double Jeopardy Clause. *Ursery*, 518 U.S. at 292. The Court's decision in *Ursery* did not involve the Fourth Amendment exclusionary rule, and the Court did not discuss or cite *Plymouth Sedan*. We therefore must follow the Supreme Court's dictate that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).[9]

---

[8]    A few courts have questioned *Plymouth Sedan*'s reasoning in light of *Ursery*, but no court has concluded that *Ursery* overruled *Plymouth Sedan*. *See, e.g.*, *In re Forfeiture of $180,975*, 734 N.W.2d 489, 493 (Mich. 2007) ("[W]hile *One 1958 Plymouth Sedan* has not been overruled and, thus, is still applicable, several subsequently decided cases indicate that the underpinnings of *One 1958 Plymouth Sedan* have been weakened."); *State v. One 1990 Chevrolet Corvette*, 695 A.2d 502, 507 (R.I. 1997) (stating in dictum that *Plymouth Sedan* "is of dubious authority in light of *Ursery*").

[9]    Other courts that have been asked to conclude that *Plymouth Sedan* is no longer good law have declined to do so. *See, e.g.*, *Matter of Flowers*, 474 N.W.2d 546, 548 (Iowa 1991) ("We are unwilling to anticipate the demise of *Plymouth Sedan*, however, in the absence of a clear indication from the Supreme Court that it is no longer to be followed."); *One 1995 Corvette v. Baltimore*, 724 A.2d 680, 683-86 (Md. 1999) (rejecting the lower court's conclusion that *Plymouth Sedan* is no longer good law and applying the exclusionary rule to a civil in rem forfeiture action).

We conclude that the Fourth Amendment exclusionary rule applies to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319. The United States Supreme Court determined in *Plymouth Sedan* that the Fourth Amendment exclusionary rule applies to civil forfeiture actions brought under a statute that is similar to the civil forfeiture statute in this case. Because *Plymouth Sedan* is on point and good law, we conclude that the Fourth Amendment exclusionary rule applies to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319.[10]

## III.

The County argues that even if the Fourth Amendment exclusionary rule applies to civil forfeiture actions, we should affirm the court of appeals because: (1) appellant is collaterally estopped from relitigating the determination of the federal district court that the March 19 stop and search did not violate appellant's Fourth Amendment rights; (2) appellant's factual admissions in the federal guilty plea agreement in which he agreed to give up his rights to property obtained as a result of his drug trafficking offense provide an independent basis for forfeiture of the seized property; (3) appellant's exclusive remedy to suppress the challenged evidence is Minn. Stat. § 626.21 (2012) ("A person aggrieved by an unlawful search and seizure may move . . . to suppress the use, as evidence, of anything so obtained . . ."), but appellant waived that remedy by not

---

[10] Because we conclude that the Fourth Amendment exclusionary rule applies to civil forfeiture actions, we need not analyze whether the exclusionary rule applies under the Minnesota Constitution. *See State v. Jackson*, 742 N.W.2d 163, 180 (Minn. 2007) (declining to reach whether suppression was required under the Minnesota Constitution because suppression was required under the United States Constitution).

asserting it; and (4) the district court erred when it observed in dictum that the March 19 stop and search violated appellant's Fourth Amendment rights.

Because we did not grant review on any of the aforementioned four issues, they are not before us, and therefore we decline to reach them. Specifically, the County raised the collateral estoppel issue in its petition for conditional cross-review, but we denied review. *See State v. Borg*, 806 N.W.2d 535, 537 n.1 (Minn. 2011) (refusing to address issues raised in a petition for cross-review that was denied). Moreover, neither appellant nor the County raised the plea agreement argument, the exclusive statutory remedy argument, or the argument that the state district court erred in observing in dictum that the March 19 stop violated appellant's Fourth Amendment rights in their petitions to this court. *See Anderly v. City of Minneapolis*, 552 N.W.2d 236, 239-40 (Minn. 1996) (declining to reach issue "not raised in either a petition for further review or a conditional petition for further review"); *Hoyt Props., Inc. v. Prod. Res. Grp.*, 736 N.W.2d 313, 317, n.1 (Minn. 2007) (concluding that two issues argued by appellants in their brief but not raised in their petition for review were "beyond the scope of th[e] appeal and [would] not be considered").

In summary, we conclude that appellant has standing to challenge the forfeiture of the vehicle and cash and that the Fourth Amendment exclusionary rule applies to civil forfeiture actions brought under Minn. Stat. §§ 609.531-.5319. Accordingly, we reverse the court of appeals and remand the case to that court for further proceedings consistent with this opinion, including for consideration of the County's other arguments. *See Eagan Econ. Dev. Auth. v. U-Haul Co. of Minn.*, 787 N.W.2d 523, 539 (Minn. 2010)

("[W]e reverse and remand to the court of appeals to consider the property owners' other claims."); *Baker v. Baker*, 753 N.W.2d 644, 653 (Minn. 2008) ("The court of appeals did not address these arguments . . . and they are not before us on review. Accordingly, we remand to the court of appeals for consideration of these alternative arguments.").

The procedural posture and merits of the County's additional arguments are disputed.[11] By remanding to the court of appeals, we express no opinion on whether the court of appeals was correct in its prior rulings or on whether the court of appeals should reconsider its rulings on remand. We also express no opinion on whether the County has forfeited its right to raise any of these issues on appeal. On remand, the court of appeals must determine whether it will address the merits of each of these issues.

Reversed and remanded.

---

[11] For example, the court of appeals denied appellant's motion to strike the County's collateral estoppel argument. *Garcia-Mendoza v. 2003 Chevy Tahoe*, No. A13-0445, Order at 3-4 (Minn. App. filed Oct. 1, 2013). But the court of appeals did not address that issue in its decision. *Garcia-Mendoza*, 2013 WL 6152304, at *3. On the other hand, the court of appeals granted appellant's motion to strike the County's argument that the state district court erred by observing in dictum that the stop and search was unlawful because the County did not file a notice of related appeal raising the issue. *Garcia-Mendoza v. 2003 Chevy Tahoe*, No. A13-0445, Order at 3 (Minn. App. filed Oct. 1, 2013).