*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1748**

In the Matter of the Petition of Federal Home Loan Mortgage Corporation
for a New Certificate of Title After Mortgage Foreclosure Sale.

**Filed June 22, 2015
Affirmed
Schellhas, Judge**

Ramsey County District Court
File No. 62-CV-13-7742

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant Jeffrey C. Jacobsen)

Kalli L. Ostlie, Shapiro & Zielke, LLP, Burnsville, Minnesota (for respondent Federal Home Loan Mortgage Corporation)

Considered and decided by Schellhas, Presiding Judge; Larkin, Judge; and Minge, Judge.[*]

# UNPUBLISHED OPINION

**SCHELLHAS**, Judge

In this proceeding subsequent for a new certificate of title to real estate, appellant challenges summary judgment for respondent. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**FACTS**

Appellant Jeffrey Jacobsen gave Great Lakes Mortgage a mortgage against his Torrens property on May 13, 1993, to secure a loan in the amount of $187,500. Great Lakes assigned the mortgage to TCF Mortgage Corp., and, on April 30, 2004, TCF assigned the mortgage to Mortgage Electronic Registration Systems Inc. (MERS). On July 24, 2006, MERS assigned the mortgage to Everhome Mortgage Co., which later became Everhome Mortgage Co. LLC. By merger, EverBank became the successor to Everhome Mortgage Co. LLC.

Jacobsen defaulted on the mortgage, EverBank initiated a foreclosure by advertisement on November 27, 2012, and the Ramsey County Sheriff sold the property to EverBank on January 29, 2013. EverBank assigned the sheriff's certificate of sale to Federal Home Loan Mortgage Corp. (Freddie Mac) on March 15, 2013. The mortgage, assignments of mortgage, sheriff's certificate, and assignment of sheriff's certificate are memorialized on the certificate of title in the Office of the Ramsey County Registrar of Titles.

On November 5, 2013, after Jacobsen failed to redeem the property, Freddie Mac petitioned the district court for an order directing the registrar of titles to cancel Jacobsen's certificate of title and to issue a new certificate of title to Freddie Mac. In response to the court's order to show cause, Jacobsen argued that the mortgage foreclosure is void and that Freddie Mac lacks standing to petition for a new certificate of title. Freddie Mac moved the court for summary judgment. Jacobsen also moved for summary judgment, asked the court to take judicial notice of certain facts and assertions,

2

and served requests for admission on Freddie Mac, to which Freddie Mac did not respond. Jacobsen again moved for summary judgment and to compel discovery responses. The court (1) denied Jacobsen's initial motion for summary judgment, (2) denied Jacobsen's motion for judicial notice, (3) granted summary judgment to Freddie Mac, and (4) struck as moot Jacobsen's second motion for summary judgment and motion to compel discovery. In a separate order, the court granted Freddie Mac's petition for a new certificate of title. Jacobsen moved to vacate the judgment under Minn. R. Civ. P. 60.02, arguing that Freddie Mac engaged in fraud by not responding to Jacobsen's requests for admission. The court denied the motion.

This appeal follows.

## D E C I S I O N

### Standing

Jacobsen argues that Freddie Mac lacks standing to petition for a new certificate of title because EverBank's foreclosure of the property is void. "The standing doctrine requires that a party have a sufficient stake in a justiciable controversy to seek relief from a court." *Garcia-Mendoza v. 2003 Chevy Tahoe*, 852 N.W.2d 659, 663 (Minn. 2014). "A plaintiff may have standing in two ways: either the plaintiff has suffered some 'injury-in-fact' or the plaintiff is the beneficiary of some legislative enactment granting standing." *Gretsch v. Vantium Capital, Inc.*, 846 N.W.2d 424, 429 (Minn. 2014) (quotation omitted). "To demonstrate an 'injury-in-fact,' the plaintiff must show a concrete and particularized invasion of a legally protected interest." *Marine Credit Union v. Detlefson-Delano*, 830 N.W.2d 859, 864 n.3 (Minn. 2013) (quotation omitted). "Whether a party

3

has standing is a question of law that [appellate courts] review de novo." *Garcia-Mendoza*, 852 N.W.2d at 663.

The record contains uncontroverted evidence that Jacobsen defaulted on the mortgage, received notice of the mortgage foreclosure and sheriff's sale, and failed to redeem the property, and that EverBank acquired the sheriff's certificate of sale and assigned the sheriff's certificate to Freddie Mac. "When any sale of real property is made under a power of sale contained in any mortgage, the officer shall make and deliver to the purchaser a certificate," which, after it is recorded and the redemption period has expired, "shall operate as a conveyance to the purchaser or the purchaser's assignee." Minn. Stat. § 580.12 (2014). "Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be . . . prima facie evidence of title in fee thereunder in the purchaser at such sale . . . ." Minn. Stat. § 580.19 (2014). Jacobsen acknowledges that a sheriff's certificate is prima facie evidence of title but argues that under *Casey v. McIntyre*, 45 Minn. 526, 48 N.W. 402 (1891), and *Nelson v. Johnson*, 167 Minn. 430, 209 N.W. 320 (1926), defects in the sheriff's sale rebut that presumption. This court rejected the same arguments in *Fed. Home Loan Mortg. Corp. v. Mitchell*, 862 N.W.2d 67, 70−71 (Minn. App. 2015), *pet. for review filed* (Minn. Apr. 30, 2015), and we reject the arguments in this case.

"Any person who has, by an action or other proceeding to enforce or foreclose a mortgage . . . , become the owner in fee of the land . . . may have the title registered." Minn. Stat. § 508.58, subd. 1 (2014). "The purchaser of a sheriff's certificate acquires a vested ownership interest in the property, subject to divestment arising from the exercise

4

of any redemption rights held by the foreclosed owner." *Mitchell*, 862 N.W.2d at 70. Here, the certificate of title remains solely in Jacobsen's name, as the owner, despite the fact that Freddie Mac has acquired the sheriff's certificate and, with it, "a vested ownership interest in the property." *See id.* Freddie Mac therefore has suffered an injury-in-fact and has standing to petition for a new certificate of title.

### *Judicial notice*

Jacobsen argues that the district court abused its discretion by denying his motion to take judicial notice of certain facts and assertions. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(b). "The function of judicial notice is to expedite litigation by eliminating the cost or delay of proving readily verifiable facts." *In re Welfare of Clausen*, 289 N.W.2d 153, 157 (Minn. 1980). "The district court has broad discretion in ruling on evidentiary matters and [an appellate court] will not overturn a district court's evidentiary rulings [absent] a clear abuse of discretion." *Peterson v. BASF Corp.*, 711 N.W.2d 470, 482 (Minn. 2006) (quotation omitted); *see also Mitchell*, 862 N.W.2d at 71 ("A district court's decision whether to take judicial notice of proffered facts is an evidentiary ruling that we review only for abuse of discretion.").

Here, many of the facts and assertions for which Jacobsen sought judicial notice, such as whether and when Freddie Mac was assigned a mortgage on the property, were either disputed by Freddie Mac or not generally known or readily determined by resort to

sources whose accuracy could not be reasonably questioned. And in its order granting Freddie Mac summary judgment, the district court adopted facts that were appropriate for judicial notice, such as when Freddie Mac was assigned the sheriff's certificate and whether Freddie Mac is listed as an assignee of the mortgage on the notice of foreclosure. The court therefore did not abuse its discretion by denying Jacobsen's motion to take judicial notice of other facts and assertions.

### *Summary judgment*

Jacobsen argues that the district court erred by granting Freddie Mac's motion for summary judgment and that the court should have granted Jacobsen's motion for summary judgment. "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Citizens State Bank Norwood Young Am. v. Brown*, 849 N.W.2d 55, 61 (Minn. 2014); *see also* Minn. R. Civ. P. 56.03. No genuine issue of material fact exists when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). "[Appellate courts] review de novo a district court's grant of summary judgment," *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 150 (Minn. 2014), "determin[ing] whether any genuine issues of material fact exist and whether the district court erred in its application of the law," *Bearder v. State*, 806 N.W.2d 766, 770 (Minn. 2011) (quotation omitted).

> To entitle any party to make [a] foreclosure, it is requisite:

6

(1) that some default in a condition of such mortgage has occurred, by which the power to sell has become operative;

(2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage, or any part thereof, or, if the action or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied, in whole or in part;

(3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded; provided, that, if the mortgage is upon registered land, it shall be sufficient if the mortgage and all assignments thereof have been duly registered;

(4) before the notice of pendency as required under section 580.032 is recorded, the party has complied with section 580.021; and

(5) before the foreclosure sale, the party has complied with section 582.043, if applicable.

Minn. Stat. § 580.02 (2014). "[T]he name of the mortgagor, the mortgagee, each assignee of the mortgage, if any, and the original or maximum principal amount secured by the mortgage" shall be identified on the notice of foreclosure sale. Minn. Stat. §§ 580.03, .04 (2014).

Jacobsen argues that EverBank's foreclosure of the mortgage is void because Freddie Mac received an unrecorded assignment of the mortgage prior to EverBank's initiation of the foreclosure and because Freddie Mac was not identified as an assignee of the mortgage on the notice of foreclosure sale. To support his argument, Jacobsen submitted two documents, a screenshot from Freddie Mac's website and an unexecuted custodial agreement. Jacobsen also relied on proffered default admissions by Freddie Mac. The screenshot reads, "Our records show that Freddie Mac is the owner of your mortgage and it was acquired on June 04, 1993. This date is also referred to as the

7

Freddie Mac settlement date." Jacobsen's reliance on the screenshot is misplaced because it is based on the assumption that the screenshot refers to legal title to his mortgage. But the Minnesota Supreme Court has indicated that the legal and equitable titles to a security instrument (like Jacobsen's mortgage) can simultaneously be owned by separate entities, that the equitable title to the security interest follows the promissory note associated with that security instrument, and hence that an "assignment of only the promissory note, which carries with it an equitable assignment of the security instrument, is not an assignment of legal title [to the security instrument] that must be recorded for purposes of a foreclosure by advertisement." *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500–01 (Minn. 2009). "[O]nly assignments of legal title of the security instrument must be recorded in order to commence a foreclosure by advertisement." *Id.* at 501. The screenshot refers to an assignment of the note associated with Jacobsen's mortgage (and therefore only equitable title to that mortgage) and does not support a reasonable inference that Freddie Mac was assigned legal title to Jacobsen's mortgage in 1993. Reliance on similar screenshots from Freddie Mac's website has been rejected by the United States District Court for the District of Minnesota on numerous occasions for this very reason. *See, e.g.*, *Krawza v. Fed. Home Loan Mortg. Corp.*, No. 13-3044, 2014 WL 4163584, at *6 (D. Minn. Aug. 21, 2014); *Contreras v. Fed. Home Loan Mortg. Corp.*, No. 13-894, 2014 WL 538735, at *4−5 (D. Minn. Feb. 11, 2014).

Jacobsen argues that the unexecuted custodial agreement establishes that Freddie Mac receives an assignment of mortgage from a servicer when it securitizes a loan. He relies on the following language from the custodial agreement: "The Seller/Servicer must

deliver to the Custodian a duly prepared and executed assignment of the security instrument from the Seller/Servicer to Freddie Mac in recordable form but not recorded." Jacobsen's reliance on the custodial agreement is misplaced. The unexecuted custodial agreement makes no reference to Jacobsen's loan or mortgage, and Jacobsen provides no evidence tying the custodial agreement to his loan or mortgage. The United States District Court for the District of Minnesota repeatedly has rejected reliance on blank custodial agreements as evidence of an assignment of a particular mortgage. *See, e.g.*, *Krawza*, 2014 WL 4163584, at *7−8; *Contreras*, 2014 WL 538735, at *5; *Guse v. Fed. Nat'l Mortg. Ass'n*, No. 13-800, 2014 WL 538631, at *8 (D. Minn. Feb. 11, 2014).

### *Unanswered discovery*

Jacobsen argues that the district court erred by granting summary judgment to Freddie Mac without either treating his requests for admission as admitted or requiring Freddie Mac to respond to his requests for admission. Following its grant of summary judgment to Freddie Mac, the court addressed Jacobsen's arguments regarding Freddie Mac's failure to respond to Jacobsen's requests for admission before the summary-judgment hearing, including Jacobsen's argument that Freddie Mac's failure to respond constituted fraud within the meaning of Minn. R. Civ. P. 60.02.

The district court addressed Jacobsen's arguments by interpreting the scheduling order that the examiner of titles issued before the summary-judgment hearing. In the scheduling order, the examiner of titles noted that a summary-judgment hearing was scheduled for May 7, 2014, and ordered that "[a]ll discovery in this matter shall be completed by all parties 45 days after the Summary Judgment decision." The court found

9

that "[t]he Court was aware of [Jacobsen]'s Requests for Admission at the time the May summary judgment motions were decided and specifically approved [Freddie Mac]'s failure to make discovery while the summary judgment decision was pending." The court also found that "[Freddie Mac]'s interpretation of the Scheduling Order as staying discovery was a reasonable interpretation of the intent of the order" and ruled that Freddie Mac's failure to respond to the requests for admission did not result in their admission.

A district court may interpret a prior order if the order is ambiguous. *See Stieler v. Stieler*, 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955) (stating that a district court may construe or clarify a judgment or order that is "ambiguous or uncertain upon its face"). The construction of an ambiguous provision in an order is treated like a factual finding and is reviewed on appeal for clear error. *Tarlan v. Sorensen*, 702 N.W.2d 915, 919 (Minn. App. 2005) (citing *Landwehr v. Landwehr*, 380 N.W.2d 136, 139–40 (Minn. App. 1985)). "Findings of fact are clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) (quotation omitted).

Here, before the district court judge signed the scheduling order, the examiner of titles signed the order, noting that he found the facts set forth in the order and recommending entry of the order. We conclude that the district court properly interpreted the examiner of title's scheduling order as having stayed discovery by the time that Jacobsen served his requests for admission. We also conclude that the court did not err in

10

concluding that Freddie Mac's failure to respond to the requests for admission did not result in default admissions.

### *Continuance of summary-judgment hearing*

Jacobsen argues in the alternative that the district court should have continued the summary-judgment hearing and required Freddie Mac to respond to discovery. "[T]he trial judge has great discretion to determine the procedural calendar of a case . . . ." *Rice v. Perl*, 320 N.W.2d 407, 412 (Minn. 1982). Although continuances should be granted liberally under Minn. R. Civ. P. 56.06, "the court should be quite strict in refusing continuances where the party merely expresses a hope or a desire to engage in a fishing expedition either by discovery or at the time of trial." *Id.* (quotation omitted). A party should have a "'real reason to believe that facts can be established by [further discovery].'" *Id.* (quoting 2 James L. Hetland, Jr. & Oscar C. Adamson, II, *Minnesota Practice* 588 (1970)). The record reflects that Jacobsen has no "real reason to believe" that more time for discovery would result in evidence that Freddie Mac was assigned a mortgage that was unrecorded at the time EverBank initiated foreclosure of the property. We conclude that the court acted well within its discretion by not continuing the summary-judgment hearing.

**Affirmed.**

11